**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNIVERSITY SPINE CENTER, on assignment of Amy M.,<br><br>*Plaintiff,*<br><br>v.<br><br>ANTHEM BLUE CROSS BLUE SHIELD,<br><br>*Defendant.* | Civil No.: 17-11725 (KSH) (CLW)<br><br><br><br>**Opinion** |

**Katharine S. Hayden, U.S.D.J.**

**I.     Introduction**

Plaintiff University Spine Center ("University Spine") sued defendant Anthem Blue Cross Blue Shield ("Anthem") for reimbursement of medical services provided to Amy M., a member of Anthem's ERISA-governed health benefits plan (the "Plan"). (D.E. 1 ("Compl.").) Currently before the Court are various motions filed by the parties, which were generated by the Third Circuit's decision in *American Orthopedic & Sports Medicine v. Independence Blue Cross Blue Shield*, 890 F.3d 445 (3d Cir. 2018). They consist of (i) University Spine's motion for leave to file an amended complaint (D.E. 17); (ii) Anthem's cross-motion to dismiss the proposed amended complaint, and alternatively, to disqualify University Spine's counsel, Callagy Law, P.C. ("Callagy Law"), and for attorneys' fees and costs (D.E. 20); and (iii) University Spine's cross-

motion for sanctions and attorneys' fees and costs (D.E. 24). As set forth below, the motions are denied.

## II. Background

On November 16, 2017, University Spine filed this lawsuit based on Anthem's alleged failure to "properly reimburse [it] for the medically necessary and reasonable services provided to [Anthem's] participant or insured" Amy M. (Compl. ¶ 3.) University Spine asserts three claims in the complaint: (i) failure to comply with the emergency service cost sharing requirement of N.J.A.C. 11:4-37.3 (*id.* ¶¶ 18-21); (ii) failure to make all payments pursuant to the Plan under 29 U.S.C. § 1132(a)(1)(B) (*id.* ¶¶ 22-30); and (iii) breach of fiduciary duty under ERISA, 29 U.S.C. §§ 1132(a)(3), 1104(a)(1), and 1105(a) (*id.* ¶¶ 31-39). University Spine maintains in the complaint that it had derivative standing to pursue the ERISA claims pursuant to an assignment of benefits from Amy M. (the "Assignment").[1] (Compl. ¶ 25; *see also* D.E. 1-1, Ex. C ("Assignment").)

On January 19, 2018, Anthem filed a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (D.E. 6.) With respect to subject matter jurisdiction, Anthem argued that University Spine did not possess derivative standing under ERISA

---

[1] In *North Jersey Brain & Spine Center v. Aetna, Inc.*, 801 F.3d 369, 372 (3d Cir. 2015) (hereinafter "*NJBSC*"), the Third Circuit "h[e]ld that as a matter of federal common law, when a patient assigns payment of insurance benefits to a healthcare provider, that provider gains standing to sue for that payment under ERISA § 502(a)."

2

because the Assignment it received from Amy M. was unenforceable and invalid as a result of an anti-assignment clause in the Plan. (*See* D.E. 6-1 at 9 ("Due to the anti-assignment provision, [University Spine] cannot do so, as a matter of law, because any assignment of benefits is legally unenforceable and void.").) On February 20, 2018, University Spine filed its opposition raising various arguments as to why the Assignment was valid and enforceable, including that the anti-assignment clause did not limit Amy M.'s power to assign, the clause was not clear and unambiguous, and that because University Spine was Amy M.'s healthcare provider, the anti-assignment clause should be found inapplicable to it.[2] (*See generally* D.E. 9.)

On May 16, 2018, while Anthem's motion to dismiss was pending, the Third Circuit issued a decision in *American Orthopedic* holding that anti-assignment clauses in ERISA-governed health insurance plans are enforceable. 890 F.3d at 448. In that case, appellant American Orthopedic and Sports Medicine ("American Orthopedic") performed surgery on its patient Joshua, who was covered by an ERISA-governed health insurance plan issued by appellees (the "Insurers"). Following the surgery, American Orthopedic, which did not participate in the Insurers' network, charged

---

[2] In its briefing on the motions addressed by this opinion, University Spine argues as if Anthem's original motion to dismiss (D.E. 6) is still pending before the Court. But that motion was administratively terminated on December 3, 2018 (D.E. 19), after University Spine filed its motion to amend. To the extent University Spine or Anthem seek to incorporate any arguments raised in the papers on the motion to dismiss that are not specifically addressed in the pending motions' briefing, the Court will disregard them as an end run around the page limit restrictions of L. Civ. R. 7.2.

Joshua $58,400 because it was "not limited to the fee schedule prescribed by the Insurers." *Id.* American Orthopedic submitted a claim on behalf of Joshua to the Insurers, which processed the claim according to their out-of-network cap. *Id.* American Orthopedic appealed the claim through the Insurers' internal review process and "arranged for Joshua to sign a document entitled 'Assignment of Benefits & Ltd. Power of Attorney,' which reflected that Joshua was assigning to Appellant his right to pursue claims under his health insurance plan for the surgery and, in the alternative, that he granted to Appellant a limited power of attorney to recover the payment on his behalf through an arbitration or lawsuit." *Id.* Subsequently, after its administrative appeal was denied, American Orthopedic sued the Insurers for, among other things, violations of ERISA. *Id.* The Insurers moved to dismiss on the ground that American Orthopedic lacked standing under ERISA by virtue of an anti-assignment clause in Joshua's insurance plan. *Id.* The district court agreed. *Id.*

The same counsel representing University Spine here represented American Orthopedic in its appeal to the Third Circuit, and raised nearly identical arguments to those made in the opposition to Anthem's original motion to dismiss this lawsuit. The Third Circuit found "no compelling reason to stray from the 'black-letter law that the terms of an unambiguous private contract must be enforced.'" *Id.* at 453 (quoting *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 150 (2009)). Accordingly, the Court joined the prevailing consensus of other Courts of Appeals holding that "anti-assignment

4

clauses in ERISA-governed health insurance plans as a general matter are enforceable." *Id.*

The Third Circuit then addressed American Orthopedic's request that it "nonetheless vacate and remand so that it can perfect an alternative basis for standing: the power of attorney that it acknowledge[d] was deficient under applicable state law." *Id.* at 454. The court declined to remand because American Orthopedic had failed to raise the import of the power-of-attorney Joshua granted in either its opening or reply brief. *Id.* at 455. Nevertheless—and arguably in dicta—the Third Circuit posited that its holding did "not mean that Joshua cannot grant a valid power of attorney." *Id.* "[B]ecause he retains ownership of his claim, Joshua, as principal, may confer on his agent the authority to assert that claim on his behalf, and the anti-assignment clause no more has power to strip [American Orthopedic] of its ability to act as Joshua's agent than it does to strip Joshua of his own interest in his claim." *Id.*

On November 30, 2018, University Spine filed a motion seeking leave to file an amended complaint that would, among other things, substitute Dr. Arash Emami ("Emami") as plaintiff in this lawsuit as Amy M's attorney-in-fact.[3] (D.E. 17-3 ("Am. Compl.") ¶ 4.) According to the proposed amended complaint, the power of attorney conferring Emami with the authority to act as Amy M.'s attorney-in-fact was executed on June 29, 2018 (the "Power of Attorney"), shortly after the Third Circuit issued its

---

[3] For ease of reference, any citations to the proposed amended complaint are to the blackline version of the document, rather than the redline.

5

decision in *American Orthopedic* and long after University Spine initiated this action. (D.E. 17-3, Ex. K ("Power of Attorney").) The proposed amended complaint only asserts one cause of action for recovery of benefits under 29 U.S.C. § 1132(a)(1)(B). (Am. Compl. ¶¶ 37-40.) It dispenses with the claims asserted in the original complaint for failure to comply with the emergency service cost sharing requirement of N.J.A.C. 11:4-37.3, and for breach of fiduciary duty under 29 U.S.C. §§ 1132(a)(3), 1104(a)(1), and 1105(a).

Anthem filed opposition and a cross-motion to dismiss the proposed amended complaint. (D.E. 20.) Alternatively, Anthem moves to disqualify University Spine's counsel, Callagy Law, and seeks the attorneys' fees and costs it incurred in this action on the ground that Callagy Law has engaged in the serial filing of ERISA complaints that lack any basis in law and fact in this District. (D.E. 20-1 at 16-20.) In response, University Spine cross-moves for sanctions and for its attorneys' fees and costs "for having to defend against" what it claims are Anthem's "weak arguments that border on frivolous." (D.E. 24-1 at 11, 25.)

### III. Discussion

The Court must first address the threshold question posed by Anthem regarding whether University Spine may cure any standing defects in its original complaint with an amended pleading. Anthem contends that because University Spine lacked standing to bring the original complaint by virtue of the anti-assignment clause, the Court is

6

without subject matter jurisdiction over the action and therefore may not consider University Spine's motion to amend. The Court agrees.

The Supreme Court has "always insisted on strict compliance with this jurisdictional standing requirement." *Raines v. Byrd*, 521 U.S. 811, 819 (1997); *see also Lewis v. Casey*, 518 U.S. 343, 349 n.1 (1996) ("[S]tanding . . . is jurisdictional and not subject to waiver."). "'To bring a civil action under ERISA, a plaintiff must have constitutional, prudential, and statutory standing.'" *Baldwin v. Univ. of Pittsburgh Med. Ctr.*, 636 F.3d 69, 74 (3d Cir. 2011) (quoting *Leuthner v. Blue Cross & Blue Shield of Ne. Pennsylvania*, 454 F.3d 120, 125 (3d Cir. 2006)). For a claim for benefits under ERISA, § 502(a) expressly limits statutory standing to a plan "participant or beneficiary." 29 U.S.C. § 1132(a)(1). In addition, the Third Circuit has held that a healthcare provider possesses derivative standing to sue under § 502(a) "when a patient assigns payment of insurance benefits to" it. *NJBSC*, 801 F.3d at 372. And as discussed above, the Third Circuit most recently observed that a patient, pursuant to a validly granted power of attorney, may confer on its agent, including healthcare providers, the authority, and hence standing, to assert an ERISA claim on his or her behalf. *Am. Orthopedic*, 890 F.3d at 455. Critically, the question of whether a plaintiff is a proper party to pursue a claim for benefits under ERISA "is both a standing and *subject matter jurisdictional* requirement." *Miller v. Rite Aid Corp.*, 334 F.3d 335, 340 (3d Cir. 2003) (emphasis added) (citation and internal quotation marks omitted); *accord Felix v. Lucent Techs., Inc.*, 387 F.3d 1146, 1160 n.14 (10th Cir. 2004); *SeYoung Ra v. Gerhard's, Inc.*, No. 17-5211, 2019 WL 95473, at *9

7

(E.D. Pa. Jan. 3, 2019); *Robinson v. Laneko Eng'g Co.*, No. 14-5036, 2015 WL 4000145, at *3 (E.D. Pa. July 1, 2015), *aff'd*, 634 F. App'x 355 (3d Cir. 2016); *Giuffrida v. New Jersey Builders Statewide Benefits Fund*, No. 14-7059, 2016 WL 1223324, at *5 (D.N.J. Mar. 29, 2016) (Cecchi, J.).

Pursuant to 28 U.S.C. § 1653, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." But in *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830-31 (1989), the Supreme Court explained that while § 1653 permits amendments regarding "*allegations* of jurisdiction," it does not sanction amendments to correct deficient jurisdictional facts. Specifically,

> Title 28 U.S.C. § 1653, enacted as part of the revision of the Judicial Code in 1948, provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." At first blush, the language of this provision appears to cover the situation here, where the complaint is amended to drop a nondiverse party in order to preserve statutory jurisdiction. But § 1653 speaks of amending "*allegations* of jurisdiction," which suggests that it addresses only incorrect statements about jurisdiction that actually exists, and not defects in the jurisdictional facts themselves.

*Newman-Green, Inc.*, 490 U.S at 830–31 (alteration in original). "Thus, the statute does not 'empower federal courts to amend a complaint so as to produce jurisdiction where none actually existed before.'" *Multicultural Radio Broad., Inc. v. Korean Radio Broad., Inc.*, No. 15-1961, 2017 WL 436250, at *4 (D.N.J. Jan. 31, 2017) (Chesler, J.) (quoting *Newman-Green, Inc.*, 490 U.S. at 831); *see also Saxon Fibers, LLC. v. Wood*, 118 F. App'x 750, 752 (4th Cir. 2005) ("[A] plaintiff may not use [28 U.S.C. § 1653] or any other

8

means to obtain leave of court to amend a complaint to allege a federal cause of action not previously pled when the court had no jurisdiction over the original complaint." (footnote omitted)). As is relevant here, a plaintiff may therefore "'not amend the complaint to substitute a new plaintiff in order to cure a lack of jurisdiction, because a plaintiff may not create jurisdiction by amendment when none exists.'" *Arrow Drilling Co. v. Carpenter*, No. 02-9097, 2003 WL 23100808, at *5 (E.D. Pa. Sept. 23, 2003) (quoting Moore's Federal Practice ¶ 15.13[2] (3d ed. 1999)), *aff'd*, 125 F. App'x 423 (3d Cir. 2005); *see also Pressroom Unions-Printers League Income Sec. Fund v. Cont'l Assur. Co.*, 700 F.2d 889, 893 (2d Cir. 1983) ("The longstanding and clear rule is that 'if jurisdiction is lacking at the commencement of [a] suit, it cannot be aided by the intervention of a [plaintiff] with a sufficient claim.'" (alterations in original) (quoting *Pianta v. H.M. Reich Co.*, 77 F.2d 888, 890 (2d Cir. 1935)); *Field v. Volkswagenwerk AG*, 626 F.2d 293, 306 (3d Cir. 1980) (concluding that § 1653 did not authorize an amendment to substitute a party who had standing to sue on behalf of an estate at the time the action was commenced); *Ciliv v. UXB Int'l, Inc.*, No. 12-290, 2013 WL 4040815, at *1 (W.D. Va. Aug. 8, 2013) ("Similarly, a plaintiff who lacks standing is not permitted to amend the complaint to substitute a new plaintiff in order to cure a lack of jurisdiction, because a plaintiff may not create jurisdiction by amendment where none exists." (citation and internal quotation marks omitted)). Consequently, the Court must first determine whether it

had subject matter jurisdiction over this action as originally filed before it may even consider University Spine's motion to substitute Emami as Amy M.'s attorney-in-fact.[4]

Counts Two and Three of the complaint purport to bring causes of action under ERISA pursuant to the Assignment University Spine claims it obtained from Amy M. (Compl. ¶¶ 22-39.) Thus, while University Spine essentially concedes that it lacked standing to bring these claims at the time the complaint was filed by virtue of the anti-assignment clause (*see* D.E. 17-1 at 1 ("Plaintiff is hereby seeking to amend its Complaint because, *inter alia*, it has remedied any potential standing issues through a power-of-attorney . . . .")), the Court must nevertheless determine whether that clause in fact prohibited Amy M. from making the Assignment to University Spine. Specifically, the anti-assignment clause provides:

> The Group cannot legally transfer this Booklet, without obtaining written permission from us. Members cannot legally transfer the coverage. *Benefits available under this Booklet are not assignable by any Member without obtaining written permission from us*, unless in a way described in this Booklet.

(D.E. 6-2 at 119 (emphasis added).) That clause clearly and unambiguously bars Amy M. from assigning her right to benefits under the Plan to a healthcare provider, absent

---

[4] A court may *sua sponte* raise issues regarding its subject matter jurisdiction. *See Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76–77 (3d Cir. 2003) ("[B]ecause subject matter jurisdiction is non-waivable, courts have an independent obligation to satisfy themselves of jurisdiction if it is in doubt."). Thus, while it finds the argument specious, the Court's inquiry into its own subject matter jurisdiction will put to rest University Spine's assertion that a court may only deny a motion to amend on the ground that it did not originally have subject matter jurisdiction due to a plaintiff's lack of standing if that issue had been "adjudicated" prior to the motion to amend. (*See* D.E. 23 at 21-22.)

written permission from Anthem. And University Spine does not claim that Amy M. received Anthem's written permission prior to making the Assignment. Thus the Assignment is void and unenforceable, and University Spine lacks standing to bring Counts Two and Three. Indeed, in other cases (many of which involved University Spine, Emami, and/or Callagy Law), courts found that similarly phrased anti-assignment clauses deprived healthcare providers relying on assignments of derivative standing to sue under ERISA.[5] Consequently, University Spine is without standing to bring Counts Two and Three in the original complaint. *See Zapiach v. Empire Blue Cross Blue Shield*, No. 17-10179, 2018 WL 1838017, at *3 (D.N.J. Apr. 17, 2018) (Wigenton, J.) (dismissing identical causes of action to those in Counts Two and Three because, among other things, plaintiff lacked standing to pursue them).

---

[5] *See, e.g., Enlightened Sols., LLC v. United Behavioral Health*, No. 18-06672, 2018 WL 6381883, at *3, 5 (D.N.J. Dec. 6, 2018) (Hillman, J.) (finding that a clause providing that "[a] Claimant may not assign his/her Claim under the Plan to a Nonparticipating Provider without the Plan's express written consent" deprived a healthcare provider of standing since the participant did not obtain the plan's written consent); *Univ. Spine Ctr. v. United Healthcare*, No. 17-8575, 2018 WL 4089061, at *3-4 (D.N.J. Aug. 27, 2018) (Salas, J.) (granting a motion to dismiss that relied on an anti-assignment clause that stated "[a]ny benefits under this Certificate are not assignable by any Member without Our written consent"); *Univ. Spine Ctr. v. Aetna, Inc.*, No. 17-8161, 2018 WL 2441764, at *3-4 (D.N.J. May 31, 2018) (Cecchi, J.) (concluding that plaintiff lacked a valid assignment and did not have standing under ERISA in light of anti-assignment clause providing that "[a]ll coverage may be assigned only with the written consent of Aetna"); *Arash Emami, MD, PC v. Quinteles IMS*, No. 17-3069, 2017 WL 4220329, at *2-3 (D.N.J. Sept. 21, 2017) (Linares, J.) (granting a motion to dismiss for lack of standing that relied on an anti-assignment clause stating "[t]he coverage and any benefits under the Plan are not assignable by any Member without the written consent of the Plan").

As for Count One, it purports to bring a state law claim for failure to comply with the emergency service cost sharing requirement of N.J.A.C. 11:4-37.3. (Compl. ¶¶ 18-21.) Assuming that N.J.A.C. 11:4-37.3 contains an implied right of action,[6] ERISA completely pre-empts Count One because it is based entirely on Anthem's alleged failure to fully reimburse University Spine for the surgery it performed on Amy M. *See E. Coast Aesthetic Surgery, P.C. v. UnitedHealthcare*, No. 17-13595, 2018 WL 3201798, at *3 (D.N.J. June 29, 2018) (Martini, J.) (dismissing a claim brought under N.J.A.C. 11:4-37.3 because it was completely pre-empted by ERISA); *Cape Reg'l Med. Ctr.*, 2018 WL 2980386, at *1-2 (same).[7] Because Count One is completely pre-empted by ERISA, University Spine lacks standing to bring it.[8]

Based on the foregoing, the Court lacks subject matter jurisdiction over the action as originally filed. As such, University Spine cannot attempt to cure the jurisdictional defects that plagued the original complaint through the proposed amended complaint. *Multicultural Radio*, 2017 WL 436250, at *4. And contrary to

---

[6] In fact, courts have found that there is no private right of action under N.J.A.C. 11:4-37.3. *See, e.g., Cape Reg'l Med. Ctr. v. Cigna Health & Life Ins. Co.*, No. 17-5284, 2018 WL 2980386, at *2 (D.N.J. June 14, 2018) (Rodriguez, J.) ("Even if Count One was not preempted by ERISA, it still must be dismissed because N.J. Admin. Code. § 11:4–37.3 does not provide a private right of action."); *Zapiach*, 2018 WL 1838017, at *4 (same).
[7] It bears mentioning that Callagy Law, counsel for University Spine, also represented the healthcare provider plaintiffs in these two cases, along with *Zapiach*.
[8] "[C]omplete preemption operates to confer original federal subject matter jurisdiction notwithstanding the absence of a federal cause of action on the face of the complaint." *N.J. Carpenters & the Trustees Thereof v. Tishman Const. Corp. of N.J.*, 760 F.3d 297, 302 (3d Cir. 2014) (citation and internal quotation marks omitted).

arguments advanced by University Spine, the Third Circuit's decision in *American Orthopedic* does not hold otherwise. To be sure, the Third Circuit surmised, albeit in dicta because American Orthopedic had waived its arguments concerning the power of attorney, that Joshua could confer a power of attorney on American Orthopedic to pursue a claim on his behalf. *See Am. Orthopedic,* 890 F.3d at 455 ("[B]ecause he retains ownership of his claim, Joshua, as principal, may confer on his agent the authority to assert that claim on his behalf, and the anti-assignment clause no more has power to strip Appellant of its ability to act as Joshua's agent than it does to strip Joshua of his own interest in his claim."). But at no point, did it postulate, let alone state, that a healthcare provider may amend a complaint to allege that it or anyone else obtained a power of attorney from a patient. And even if the Third Circuit did speculate as such, the critical distinction between the facts in *American Orthopedic* and this lawsuit is that American Orthopedic, prior to suing in the district court, "[a]rranged for Joshua to sign a document entitled 'Assignment of Benefits & *Ltd. Power of Attorney*,' which reflected that Joshua was assigning to Appellant his right to pursue claims under his health insurance plan for the surgery and, in the alternative, that *he granted to Appellant a limited power of attorney to recover the payment on his behalf through an arbitration or lawsuit.*" *Id.* at 448 (emphasis added). In other words, American Orthopedic could have pled—at the time

13

it filed its complaint—that it could pursue an ERISA claim in Joshua's name pursuant to a power of attorney that he conferred on it.[9]

Here by contrast Amy M. did not grant it the Power of Attorney until June 29, 2018 (Power of Attorney), more than seven months after it filed the initial complaint on November 16, 2017.[10]

In sum, the Court lacked subject matter over this action at the time it was filed because University Spine did not have standing to pursue a claim for benefits under ERISA by virtue of the anti-assignment clause in the Plan. Accordingly, the Court denies University Spine's motion for leave to file an amended complaint because it cannot attempt to cure jurisdictional deficiencies through an amended pleading. Because the Court is without subject matter jurisdiction, this action is dismissed, *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."), and the parties' other pending motions

---

[9] Had it not waived its arguments regarding the power of attorney, American Orthopedic had requested the Third Circuit to remand so that it could properly "perfect" the power of attorney, which it previously obtained from Joshua. *Id.* at 454.

[10] University Spine also relies on *Med-X Glob., LLC v. Azimuth Risk Sols., LLC*, No. 17-13086, 2018 WL 4089062 (D.N.J. Aug. 27, 2018) (Thompson, J.). That case, however, dealt with a breach of contract claim and only cited *American Orthopedic* for the non-controversial proposition that "an attorney-in-fact lacks standing to sue in her own name." *Azimuth*, 2018 WL 4089062, at *2. Indeed, the court stressed that "[a]lthough *American Orthopedic* is a case arising under ERISA, its proposition that a grant of power-of-attorney does not confer standing derives, not from ERISA, but from principles of agency and contract. Note also that *American Orthopedic's findings as to power-of-attorney are dicta*, as Appellant in that case had waived its arguments concerning power-of-attorney." *Id.* at *2 n.2 (emphasis added) (citation omitted). Accordingly, the Court does not find *Azimuth* persuasive.

14

are denied as moot, *see Bell v. United Auto Grp., Inc.*, No. 05-2262, 2007 WL 2892940, at *5 (D.N.J. Sept. 28, 2007) (Hillman, J.) (denying all pending motions as moot after finding that the court lacked subject matter jurisdiction).

## IV. <u>Conclusion</u>

For the above stated reasons, the Court denies all pending motions and dismisses this action for lack of subject matter jurisdiction. An appropriate order will be entered.

<table>
<tr><td>Dated: October 2, 2019</td><td><u>/s/ Katharine S. Hayden</u><br>Katharine S. Hayden, U.S.D.J.</td></tr>
</table>